UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID G. BENNER #313057,

    Plaintiff,

v.                                                  Case No. 1:08-CV-1110

CORRECTIONAL MEDICAL              HON. GORDON J. QUIST
SERVICES, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Defendants Correctional Medical Services, Dr. Raymond Gelabert, M.D. and Margaret Ouellette, P.A.'s Objections to the report and recommendation dated June 25, 2009. In her report and recommendation, Magistrate Judge Ellen S. Carmody recommended that the Court grant in part and deny in part Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as follows: (1) grant the motion with regard to Defendant Correctional Medical Services and dismiss it from the case; (2) deny the motion with regard to Defendants Gelabert's and Ouellette's argument that Plaintiff failed to exhaust his administrative remedies; and (3) deny the motion with regard to Defendants Gelabert's and Ouellette's argument that Plaintiff fails to state a claim for violation of his Eighth Amendment rights.

After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted.

Defendants do not object to the magistrate judge's recommendation regarding Correctional Medical Services. However, they take issue with the magistrate judge's recommendations regarding both exhaustion and failure to state a claim.

Regarding exhaustion, Defendants first assert that the grievance was untimely at Step II. Defendants never raised this argument before the magistrate judge. Because Defendants raised it for the first time in their Objection, it is deemed waived. *See Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (holding that Plaintiff's argument raised for the first time in his objections to the report and recommendation was waived); *Hicks v. Woodruff*, No. 99-6303, 2000 WL 854269, at *4 (10th Cir. June 28, 2000) (stating that "because we do not consider an issue raised for the first time in the objections to the magistrate judge's report and recommendation, we deem the issue waived").

Defendants next contend that the magistrate judge erred in concluding that Plaintiff properly exhausted. They note that Plaintiff failed to name them in his grievance and argue that such omission means that Plaintiff failed to properly exhaust. The magistrate judge concluded that even though Plaintiff failed to specifically identify Defendants in his grievance, No. ACF-2007-09-0723-03B, Plaintiff properly exhausted because prison officials did not reject the grievance on procedural grounds, but instead addressed it on the merits through Step III. Defendants argue that it is for this Court, rather than the MDOC, to determine whether a prisoner has properly exhausted his remedies. However, as the magistrate judge correctly stated, prison officials considered Plaintiff's grievance on the merits and did not reject it on procedural grounds. It is not the province of this Court to reject a grievance upon procedural grounds after prison officials have addressed it on the merits.

Regarding the ground of failure to state a claim, Defendants argue that Plaintiff's allegations are deficient because Plaintiff fails to allege any facts establishing that they had any reason to believe that Prisoner Ausborne presented a substantial risk of serious harm to Plaintiff or any other prisoner at Florence Crane Correctional Facility. Defendants further note that Plaintiff's allegation that Defendants and Correctional Medical Services were treating Ausborne for his mental illness is incorrect because Correctional Medical Services and its providers were not responsible for providing

2

mental health services at the time in question. The magistrate judge rejected these arguments, concluding that Plaintiff's allegations that Defendants knew Ausborne was a diagnosed schizophrenic, was on several medications to control his violent behavior, and in fact had numerous prior assault incidents and convictions were sufficient to allege that Defendants had knowledge that Ausborne presented a substantial risk of serious injury. The magistrate judge also concluded that whether Defendants treated Ausborne's mental illness is not the issue; rather, the question is whether Defendants were aware that Ausborne posed a risk to Plaintiff and failed to take steps to prevent harm to Plaintiff.

The Court agrees with the magistrate judge that Plaintiff's allegations are sufficient to allege an Eighth Amendment violation sufficient to withstand a Rule 12(b)(6) motion to dismiss. Given the general rule that pro se prisoner filings are liberally construed, *see McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993), the Court agrees with the magistrate judge that Plaintiff's allegations are sufficient to give Defendants fair notice of what his claim is and the grounds upon which it rests. *See Owens v. Correctional Med. Servs., Inc.*, No. 1:07-CV-934, 2009 WL 2242686, at *3 (W.D. Mich. July 23, 2009). As the magistrate judge noted, while Defendants may be able to present evidence in a motion for summary judgment showing that they lacked knowledge that Ausborne posed a risk to Plaintiff and other inmates, they are not entitled to dismissal for failure to state a claim. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 25, 2009 (docket no. 58) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants Correctional Medical Services, Inc., Raymond Gelabert, M.D. and Margaret Ouellette, P.A.'s Motion to Dismiss Pursuant to Fed. R. Civ.

P. 12(b)(6) (docket no. 17) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with regard to Plaintiff's claims against Defendant Correctional Medical Services, Inc. and **denied** with regard to Plaintiff's claims against Defendants Gelabert and Ouellette.


Dated: August 14, 2009                                  /s/ Gordon J. Quist
                                                       GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE